IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRITTNEY KENNEDY, Individually and as Surviving Spouse, on Behalf of Minor M.S.K. and as Anticipated Personal Representative of the Estate of MARQUIS KENNEDY, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:24-cv-00208-P |
| | § | Relates to the Motion Referred to |
| SHELLY BATEMAN, JONATHAN P. BUCEK, RICHARD COLEMAN, TYLER FERRELL, PATRICK KNIGHT, DAVID KURBINSKY, MICHAEL LEONESIO, LEONARD RAY, RONNIE MCCOY, BOBBY MUGUEZA, OFFICER NORWOOD, LEONARD RAY, CONNOR SHANAHAN, SEAN WHEATLEY, JASTIN D. WILLIAMS, BRADLEY MCNULTY, JOHN DOE, THE CITY OF ARLINGTON, TEXAS, THE ARLINGTON POLICE DEPARTMENT, D/B/A ARLINGTON BASIC POLICE TRAINING ACADEMY, CITY OF ARLINGTON PURCHASING DEPARTMENT, AND GRACIE UNIVERSITY, | § § § § § § § § § § § § § § § § § § | Magistrate Judge Cureton |
| Defendants. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT OFFICERS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

| | |
|---|---|
| Roland Witherspoon | Thad D. Spalding |
| State Bar No. 24086097 | State Bar No. 00791708 |
| litigation@withlaw.com | tspalding@dpslawgroup.com |
| *Admitted Pro Hac Vice* | Shelby J. White |
| WITHERSPOON LAW | State Bar No. 24084086 |
| 7290 Crosswater Ave. | swhite@dpslawgroup.com |
| Tyler, Texas 75703 | DURHAM PITTARD & SPALDING, LLP |
| (903) 597-2500 – Office | P.O. Box 224626 |
| (866) 269-3770 – Facsimile | Dallas, Texas 75222 |
| | (214) 946-8000 - Office |

**ATTORNEYS FOR PLAINTIFF**

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ............................................................................................. 3

I.      Introduction............................................................................................................. 5

II.    Argument & Authorities ........................................................................................ 6

        A.    Standard of Review. ................................................................................... 6

        B.    Kennedy adequately alleges claims against the several officers
            who failed to act. ....................................................................................... 8

        C.    Kennedy adequately alleges a bystander claim. ......................................... 9

        D.    Kennedy adequately pointed to clearly established law. .............................. 9

        E.    This was not a consensual encounter between the Officers
            and Marquis. ............................................................................................ 11

        F.    *Collins* does not impact Kennedy's denial of medical care claim. .............. 12

        G.    Kennedy's supervisory liability allegations are sufficient to state
            a valid claim. ........................................................................................... 13

        H.    Kennedy states a valid claim for punitive damages. .................................. 14

III.   Prayer .................................................................................................................. 15

CERTIFICATE OF SERVICE ........................................................................................ 16

## TABLE OF AUTHORITIES

**<u>Cases</u>**                                                                                                        **<u>Page(s)</u>**

*Alexander v. Verizon Wireless Servs., L.L.C.,*
   875 F.3d 243 (5th Cir. 2017) ........................................................................................ 6

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ............................................................................................... 6, 14

*Behrens v. Pelletier,*
   516 U.S. 299 (1996) ..................................................................................................... 7

*Bush v. Strain,*
   513 F.3d 492 (5th Cir. 2008) ........................................................................................ 7

*Collins v. City of Harker Heights, Tex.,*
   503 U.S. 115 (1992) ...................................................................................... 10, 12, 13

*Cotropia v. Chapman,*
   721 Fed. Appx. 354 (5th Cir. 2018) ............................................................................ 8

*Cowart v. Erwin,*
   837 F.3d 444 (5th Cir. 2016) ...................................................................................... 15

*Great Plains Tr. Co. v. Morgan Stanley Dean Witter,*
   313 F.3d 305 (5th Cir. 2002) .................................................................................... 6, 7

*Hamilton v. Kindred,*
   845 F.3d 659 (5th Cir. 2017) ...................................................................................... 9

*Johnson v. Harris Cty.,*
   83 F.4th 941 (5th Cir. 2023) ...................................................................................... 14

*Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,*
   677 F.2d 1045 (5th Cir. 1982) .................................................................................... 6

*Kingsley v. Hendrickson,*
   576 U.S. 389 (2015) ................................................................................................... 14

*Lormand v. U.S. Unwired, Inc.,*
   565 F.3d 228 (5th Cir. 2009) ...................................................................................... 6

*Malley v. Briggs,*
   475 U.S. 335 (1986) ................................................................................................... 15

*Mann v. Adams Realty Co.,*
   556 F.2d 288 (5th Cir. 1977) ...................................................................................... 6

## TABLE OF AUTHORITIES (cont'd)

**Cases**                                                                                                                        **Page(s)**

*Morgan v. Hubert*,
    335 F. App'x 466 (5th Cir. 2009) ......................................................................................... 7

*Ostrander v. Kosteck,*
    No. 6:13-cv-360-RP, 2017 WL 4414263 (W.D. Tex. Oct. 4, 2017) ....................................... 15

*Pearson v. Callahan,*
    555 U.S. 223, 236 (2009) ...................................................................................................... 7

*Pena v. City of Rio Grande City,*
    879 F.3d 613 (5th Cir. 2018) ............................................................................................... 14

*Poole v. City of Shreveport,*
    691 F.3d 624 (5th Cir. 2012) ................................................................................................. 8

*Saucier v. Katz,*
    533 U.S. 194 (2001) .............................................................................................................. 7

*Smith v. Wade,*
    461 U.S. 30 (1983) .............................................................................................................. 14

*Sonnier v. State Farm Mut. Auto. Ins. Co.,*
    509 F.3d 673 (5th Cir. 2007) ................................................................................................. 6

*Terry v. Ohio,*
    392 U.S. 1 (1968) ................................................................................................................ 11

*Test Masters Educ. Servs., Inc. v. Singh,*
    428 F.3d 559 (5th Cir. 2005) ................................................................................................. 6

*Turner v. Pleasant*,
    663 F.3d 770 (5th Cir. 2011) ................................................................................................. 6

*United States ex rel. Riley v. St. Luke's Episcopal Hosp.*,
    355 F.3d 370 (5th Cir. 2004) ................................................................................................. 6

*Waybright v. Federick Cnty, MD,*
    528 F.3d 199 (4th Cir. 2008) ............................................................................................... 11

**PLAINTIFF'S RESPONSE TO DEFENDANT OFFICERS' MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT**

Plaintiff Brittney Kennedy, Individually and as Surviving Spouse, on Behalf of Minor

M.S.K., and as Personal Representative of the Estate of Marquis Kennedy, files this Response to the

Defendant Officers' Motion to Dismiss Plaintiff's Second Amended Complaint and Brief in

Support (Doc. 61).

## I.      Introduction

This lawsuit arises out of a September 23, 2022 incident in which Marquis Kennedy was

killed by his fellow officers during a police training exercise known within the cadet ranks as "fight

for your life."  Marquis lost that fight because his trainers used excessive force, which no one

attempted to stop, and after causing him substantial and significant internal injuries that placed

Marquis in medical distress, failed to get him medical help.  Marquis died in the training room.

He was declared dead at the hospital.

This lawsuit was filed by Marquis's widow, Brittney, on March 5, 2024.  It was amended

twice on May 13, 2024, to add several individual officers who were either directly involved in the

use of force that killed Marquis, or who stood idly by while their fellow officers used excessive

force and did nothing to stop it, and all of whom were deliberately indifferent to what became a

very apparent medical emergency and failed to get him the medical help that he needed.  Those

officers have filed a Rule 12(b) motion to dismiss arguing that Kennedy has not adequately pled a

constitutional violation against them because the cadet training was a "voluntary, workplace

activity [that] does not implicate the Fourth or Fourteenth Amendments" and that they are entitled

to qualified immunity because there is not clearly established law that would "have given the

Defendant Officers fair warning that their conduct violated [Marquis's] constitutional rights."

(Doc. 61 at ii).  Some of the Defendant Officers also complain that Kennedy has not adequately

---

identified the specific action they took that would lead to any liability on their part.  (*Id.*).  As will be shown in more detail below, these arguments are misplaced and incorrect.  The Defendant Officers' motion to dismiss should be denied.

## II.     Argument & Authorities

### A.     Standard of Review.

The pleading stage is not the point at which Plaintiff must establish the level of proof necessary to ultimately prevail. *See Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977). Indeed, a "strong framework of policy considerations . . . militate[s] against granting motions to dismiss for failure to state a claim[.]" *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). Thus, in the Fifth Circuit, motions to dismiss under Rule 12(b)(6) "are viewed with disfavor and are rarely granted." *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 231 (5th Cir. 2009) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005)); *see also Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011).  And, in the motion to dismiss context, Plaintiff's allegations must be taken as true.  *See e.g., Ashcroft v. Iqbal,* 556 U.S. 662, 696 (2009); *Alexander v. Verizon Wireless Servs., L.L.C.,* 875 F.3d 243, 249 (5th Cir. 2017).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). Two primary principles guide the plausibility analysis. *Iqbal*, 556 U.S. at 678–79. First, the court must "liberally construe the complaint in favor of the plaintiff[.]" *Id.*  Second, the court must "accept all well-pleaded factual allegations as true." *Id.*; *see also Sonnier v. State Farm Mut. Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007). Courts do not evaluate the merits of the allegation but only consider whether plaintiffs have adequately pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Thus, a pleading simply needs to provide

"enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (internal quotation omitted).

Once Defendants invoke qualified immunity, assessing their entitlement to the defense consists of two separate inquiries. First, the Court asks whether the facts as alleged in the complaint show that the Defendants' conduct was objectively unreasonable in violation of a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part by Pearson v. Callahan*, 555 U.S. 223, 236 (2009). If such a violation is found, the court then determines whether the complaint has sufficiently alleged that the right was "clearly established" at the time. *Id.* A right may be clearly established "despite notable factual distinctions between the precedents relied on and the cases then before the Court." *Bush v. Strain*, 513 F.3d 492, 502 (5th Cir. 2008). In both steps of this analysis, the court must view the allegations in the light most favorable to the Plaintiff to determine whether the complaint states a valid claim. *Great Plains*, 313 F.3d at 312. The key concern is whether the complaint has adequately alleged that the Defendant Officers were on notice that the conduct violated the Plaintiff's constitutional rights.

Showing the Defendants are not entitled to a qualified immunity defense at the pleading stage does not impose on Plaintiff the demanding standard of negating both prongs of the defense with evidence. Unlike at the summary judgment stage, when evidence is considered, and not just the pleadings, "[a]t that earlier stage, it is the defendant's conduct *as alleged in the complaint* that is scrutinized for 'objective legal reasonableness'." *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996) (emphasis in original). Moreover, "[i]n showing that the defendant's actions violated clearly established law, the plaintiff need not rebut every conceivable reason that the defendant would be

entitled to qualified immunity, including those not raised by the defendant." *Cotropia v. Chapman,* 721 Fed. Appx. 354, 360 (5th Cir. 2018).

**B.       Kennedy adequately alleges claims against the several officers who failed to act.**

The Officers first claim that Kennedy fails to "allege[] the particular, individualized allegations which would allow the Defendant Officers to respond or this Court to analyze Plaintiffs' claims."  (Doc. 61 at 8).   However, the Officers immediately acknowledge that Kennedy's pleadings are clear as to Officers Bateman, Williams, Bucek, Kurbinsky, and McNulty. (*Id.*).  "Other than those five Defendant Officers, Plaintiffs fail to address any Defendant Officer individually." (*Id.*).  The remaining officers are wrong.

First, there is no question that, generally speaking, in a section 1983 case, the conduct of each officer is to be considered separately, *to the extent possible*.  *Poole v. City of Shreveport,* 691 F.3d 624, 628 (5th Cir. 2012). But, tellingly, the Officers only cite summary judgment cases. (Doc. 61 at 7-8).  The Officers do not cite any Rule 12(b)(6) cases that require such individualized allegations at the initial, pleading stage because at this early stage, before there has been any discovery, it is not always possible to address each officers' conduct separately.

Moreover, as a practical matter, each individual officer is alleged to have done the same thing—failed to intervene to stop their colleagues' use of excessive force or failed to render aid to Marquis when it became apparent that he was in desperate need of medical assistance.  The nature of the claims against these other Officers is difficult to individualize when each and every one of them were in the same room, witnessed the same conduct, and all failed to do anything.  It is certainly enough to allow the Officers to respond and for this Court to analyze Kennedy's claims in the Rule 12(b) context.  Because no more specific allegations at this stage was possible, and because more specific allegations as to each individual officer was unnecessary since each Officer did the same thing, the Officers' first argument fails.

**C.      Kennedy adequately alleges a bystander claim.**

Next, but in a somewhat related vein, the Officers complain that Kennedy has not

adequately alleged a bystander claim against the Officers because "nothing more [is] alleged

against them than mere presence in the gym."  (Doc. 61 at 9).  But, again, the Officers fail to

consider the context in which these claims are made and the actual allegations in the Second

Amended Complaint.

As was made clear earlier, individualized allegations to the degree the Officers seem to

claim are required may be a requirement at the summary judgment stage, but not at the Rule

12(b)(6) stage.  Even so, Kennedy alleges more "than mere presence in the gym" against these

Officers.  According to the Second Amended Complaint:

> **65**.      All of the Individual Officer Defendants, like Defendants Williams,
> Bucek, Kurbinsky, and McNulty, knew that Kennedy was being subjected to
> unreasonable and excessive force during the "fight for your life" training but failed
> to ever step in to stop the training, check on Kennedy, or put an end to the training.
>
> **66**.      At all times, there was adequate time and opportunity for all of the
> Individual Officer Defendants to intervene to prevent the use of plainly excessive
> force and prevent Kennedy's death.
>
> **67**.      By choosing not to intervene, all of the Individual Officer
> Defendants effectively participated in Defendants Williams, Bucek, Kurbinsky,
> and McNulty's unconstitutional acts.

(Doc. 29 at 19).  This is enough to support the bystander claim against the Defendant Officers.

*See, e.g., Hamilton v. Kindred,* 845 F.3d 659, 663 (5th Cir. 2017).

**D.      Kennedy adequately pointed to clearly established law.**

Notably, the Officers do not seriously question the first prong of qualified immunity—

whether a constitutional violation was adequately pled—in their motion.  Instead, the Officers

focus just on whether Kennedy adequately identified clearly established law that would have given

these Officers fair warning that what they did was wrong.  In the process, however, the Officers

attempt to re-define the constitutional violation at issue, an attempt that is misplaced.

The Officers argue that Kennedy's claim fails because "[t]he law is not clearly established

that a cadet being injured during a flight-simulation exercise constitutes a constitutional

violation—even where the injury results in death."  (Doc. 61 at 9-10).  But, that is not the

constitutional violation at issue here.  Rather, the issue here is whether some of the Officers used

excessive, deadly force and whether some of the Officers were deliberately indifferent to

Marquis's serious medical needs, in violation of Marquis's Fourth Amendment or Fourteenth

Amendment rights.  (Doc. 29 at 16-22).  The Officers do not question the clearly established law

that governs those claims.

The fact that the use of force was part of a training exercise does not foreclose a

constitutional violation either.  Kennedy does not simply allege that the City failed to provide him

a safe workplace.  *See Collins v. City of Harker Heights, Tex.,* 503 U.S. 115, 125-26 (1992)

(rejecting, as a constitutional violation, claim that city violated constitutional rights by failing to

provide a reasonably safe work environment).  Rather, Kennedy alleges that the individual officers

violated Marquis's right to be protected from the use of excessive force, the right to bodily

integrity, and the right to be provided medical care.  The fact that these constitutional violations

took place in the context of the employer-employee relationship does not control the analysis.  *Id.*

at 119.  "The First Amendment, the Equal Protection and Due Process Clauses of the Fourteenth

Amendment, and other provisions of the Federal Constitution afford protection to employees who

serve the government as well as those who are served by them, and § 1983 provides a cause of

action for all citizens injured by the abridgment of those protections."  *Id.* at 119-20.

---

Those protections seem vitally important here in the context of a police department training its own officers on the use of force.  In other contexts, courts note the danger of "inject[ing] federal authority into public school playground incidents, football (or even ballet) practice sessions, and class field trips, not to mention training sessions for government jobs that require some degree of physical fitness." *See Waybright v. Federick Cnty, MD,* 528 F.3d 199, 208 (4th Cir. 2008).  But, federal jurisprudence already sets the "ground rules" for claims of excessive force, bodily integrity, and the denial of medical care.  Just because an officer is training an inexperienced cadet regarding the use of force does not give that officer the authority to use any level of force he or she desires, unbridled by any constitutional restrictions.  If the officers' conduct during training would violate the constitutional protections afforded a criminal suspect or arrestee, it should afford Marquis that same protection.  And Kennedy identified clearly established law as to each of these constitutional violations that would have given each officer fair warning that what they were doing (or not doing) violated Marquis's constitutional rights.  Thus, the Officers' claim that Kennedy failed to adequately plead clearly established law is misplaced and without merit.

**E.     This was not a consensual encounter between the Officers and Marquis.**

Next, like the City argued in its motion, the Officers also claim that the Fourth Amendment is not implicated because Marquis was involved in a "consensual encounter." (Doc. 61 at 11).  The Officers, however, are wrong.

Just because an encounter begins as a consensual one does not mean it cannot become nonconsensual and implicate the Fourth Amendment.  *See Terry v. Ohio,* 392 U.S. 1, 16 (1968).  Contrary to the Officers' claim, Marquis's encounter with his trainers did not continue to remain "consensual" nor was Marquis "free to leave."

> During ["fight for your life"], Fallen Officer Kennedy was denied water despite requesting it.  He was not permitted any breaks, was put into positions which denied him air, carried the full weight of the trainers on his chest, was repeatedly punched,

and it was made clear to him if he failed to continue, he would fail and must repeat the entire physical training program. Despite his repeated complaints of lightheadedness, thirst, fatigue and his obviously increasingly poor health, his requests for care were met with instructor denials for a sustained period.

(Doc. 29 at 8-9, ¶ 29). The Officers' effort to label the encounter as consensual is to deny reality and Kennedy's actual pleadings.

**F.** *Collins* **does not impact Kennedy's denial of medical care claim.**

The Officers next contend that the Fourteenth Amendment's due process protection does not apply to persons in an employment relationship with the government, citing *Collins v. City of Harker Heights,* 503 U.S. 115, 127 (1992). But, the Officers read too much into *Collins.*

*Collins* involved a claim by the survivor of a sanitation worker against the City for failing to train or warn the worker of the risks associated with his job. Specifically, after the sanitation worker died of asphyxia after entering a manhole to unstop a sewer line, his widow sued the City claiming a violation of her husband's "right to be free from unreasonable risks of harm to his body, mind and emotions and a constitutional right to be protected from the city of Harker Heights' custom and policy of deliberate indifference toward the safety of its employees." *Id.* at 117. *Collins* was not a case against individual officers nor was it a case for deliberate indifference to a person's medical needs.

Moreover, in citing *Collins,* the Officers ignore a significant limitation on its holding. As Kennedy mentioned in section D, above, *Collins* made it very clear that the fact that the constitutional violation occurs in the employment context does not control the analysis. *Id.* at 119 ("The employment relationship, however, is not of controlling significance."). "The First Amendment, the Equal Protection and Due Process Clauses of the Fourteenth Amendment, and other provisions of the Federal Constitution afford protection to employees who serve the government as well as those who are served by them, and § 1983 provides a cause of action for all

citizens injured by the abridgment of those protections." *Id.* at 119-20. "Neither the fact that petitioner's decedent was a governmental employee nor the characterization of the city's deliberate indifference to his safety as something other than an 'abuse of governmental power' is a sufficient reason for refusing to entertain petitioner's federal claim under § 1983." *Id.* at 120. Thus, *Collins* actually supports Kennedy's claim, making the Officers' reliance on it misplaced.

**G.      Kennedy's supervisory liability allegations are sufficient to state a valid claim.**

Like their complaint regarding Kennedy's claim of bystander liability, the Officers' complaint regarding Kennedy's claim of supervisor liability is also misplaced. The Officers seem to find fault in Kennedy's allegations by claiming that she does nothing more than allege vicarious liability against anyone that qualifies as a supervisor. (Doc. 61 at 13). But, Kennedy's allegations do much more than argue vicarious liability.

First, Kennedy makes it clear that she is not simply seeking to hold supervisors vicariously liable for their subordinates' conduct.

> Supervisory liability requires a showing that the supervisor acted, or failed to act, with deliberate indifference to their subordinates' constitutional violations. Both supervisory and bystander liability under Section 1983 are based on the principle that, by choosing not to intervene and prevent an unconstitutional exercise of excessive force, the passive officer effectively participates in his fellow officer's acts.

(Doc. 29 at 19, ¶ 64). Then, Kennedy alleges that the Officers "knew that Kennedy was being subjected to unreasonable and excessive force during the 'fight for your life' training but failed to ever step in to stop the training, check on Kennedy, or put an end to the training", (*Id.* at ¶ 65), "there was adequate time and opportunity for all of the Individual Officer Defendants to intervene to prevent the use of plainly excessive force and prevent Kennedy's death", (*Id.* at ¶ 66), and "[b]y choosing not to intervene, all of the Individual Officer Defendants effectively participated in [the] constitutional acts." (*Id.* at ¶ 68). Kennedy's allegations are sufficient to state a claim.

The Officers know this and instead fall back on a half-hearted argument that supervisor liability claims, like Kennedy's, may no longer be "viable after *Iqbal*." (Doc. 61 at 14). Of course, the Officers cite no Fifth Circuit cases for this proposition (except two that expressly did not address the issue, Doc. 61 at 14, n. 6) and because the Fifth Circuit still recognizes the claim and Kennedy has sufficiently alleged such a claim, the Officers' attempt to dismiss it should be denied. *See, e.g., Johnson v. Harris Cty.,* 83 F.4th 941, 946 (5th Cir. 2023) (citing *Pena v. City of Rio Grande City,* 879 F.3d 613, 620 (5th Cir. 2018)).

**H.      Kennedy states a valid claim for punitive damages.**

Finally, the Officers criticize Kennedy's claim for punitive damages as not being sufficient. (Doc. 61 at 14). Specifically, the Officers claim that Kennedy was required to do more to support the allegation that the Officers acted with malice, evil intent, or reckless or callous disregard to Marquis's constitutional rights. (*Id.* at 15). The Officers' argument, however, ignores the nature of Kennedy's claim and their own qualified immunity defense.

In *Smith v. Wade*, the Court held "that a jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade,* 461 U.S. 30, 56 (1983). Kennedy has already alleged sufficient facts to show that the Officers used excessive force, were deliberately indifferent to Marquis's medical needs, and are not entitled to qualified immunity. Taking those allegations as true, as is required in this context, those allegations establish a claim for punitive damages too.

For example, the use of excessive force constitutes intentional conduct, meaning that the Officers intentionally used force designed to injure Marquis, without any justification for doing so. *See Kingsley v. Hendrickson,* 576 U.S. 389, 400 (2015) (a claim of excessive force requires the use of intentional, not accidental or negligent, force). At the very least, this intentional act

creates a question as to whether it was done with malice or evil intent and, if not, that it was done with "reckless or callous indifference to the federally protected rights of" Marquis.

Defeating the Officers' qualified immunity defenses also means that the Officers knew that what they were doing violated the law. After all, qualified immunity generally protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs,* 475 U.S. 335, 341 (1986). Taking Kennedy's pleadings as true, there can be no question that Marquis's rights were knowingly violated when the Officers used unconstitutional, excessive force on him and then were deliberately indifferent to the known medical condition they helped cause. Those allegastions, in and of themselves, support a claim for punitive damages. *See, e.g., Cowart v. Erwin,* 837 F.3d 444, 455 (5th Cir. 2016); *Ostrander v. Kosteck,* No. 6:13-cv-360-RP, 2017 WL 4414263, \*10 (W.D. Tex. Oct. 4, 2017). The Officers' criticisms are, thus, unfounded and their motion to dismiss Kennedy's punitive damage claim should be rejected.

### III.     Prayer

For these reasons, Plaintiff Brittney Kennedy respectfully requests that this Court deny the Defendant Officers' Motion to Dismiss and grant her such other relief to which she may be justly and equitably entitled.

Respectfully submitted,

By: */s/ Thad D. Spalding*
      Roland Witherspoon
      State Bar No. 24086097
      *Admitted Pro Hac Vice*
      WITHERSPOON LAW
      7290 Crosswater Ave.
      Tyler, Texas 75703
      (903) 597-2500 – Office
      (866) 269-3770 – Facsimile
      litigation@withlaw.com

      and

Thad D. Spalding
State Bar No. 00791708
tspalding@dpslawgroup.com
Shelby J. White
State Bar No. 24084086
swhite@dpslawgroup.com
DURHAM PITTARD & SPALDING, LLP
P.O. Box 224626
Dallas, Texas 75222
(214) 946-8000 - Office
(214) 946-8433 – Facsimile

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on **August 26, 2024**, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this notice as service of this document by electronic means:

Todd D. Ogden
togden@maronmarvel.com
John P. Parsons
jparsons@maronmarvel.com
MARON MARVEL BRADLEY
ANDERSTON & TARDY LLC
2001 Bryan Street, Suite 3050
Dallas, Texas 75201

Joseph F. Cleveland, Jr.
jcleveland@belaw.com
BRACKETT & ELLIS, PC
100 Main Place
Fort Worth, Texas 76102
*Attorneys for Defendant Gracie Global, LLC d/b/a Gracie University*

Thomas P. Brandt, tbrandt@fhmbk.com
Christopher D. Livingston, clivingston@fhmbk.com
Christopher T. Brandt
Fanning Harper Martinson Brandt & Kutchin, P.C.
One Glen Lakes
8140 Walnut Hill Lane, Suite 200
Dallas, Texas 75231
*Attorneys for Individual Defendants*

Cynthia Withers
cynthia.withers@arlingtontx.gov
Joshua A. Skinner
joshua.skinner@arlingtontx.gov
Benjamin J. Gibbs
benjamin.gibbs@arlingtontx.gov
CITY OF ARLINGTON
CITY ATTORNEY'S OFFICE
Post Office Box 90231, MS 63-0300
Arlington, Texas 76004-3231
*Attorneys for Defendant, The City of Arlington*

/s/ Thad D. Spalding
Thad D. Spalding