IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRITTNEY KENNEDY, INDIVIDUALLY and as Surviving Spouse, on behalf of minor M.S.K. and as Anticipated Personal Representative of the Estate of MARQUIS KENNEDY, | § § § § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | CASE NO. 4:24-cv-00208-P |
| THE CITY OF ARLINGTON, TEXAS, THE ARLINGTON POLICE DEPARTMENT, D/B/A ARLINGTON BASIC POLICE TRAINING ACADEMY, CITY OF ARLINGTON PURCHASING DEPARTMENT, AND GRACIE UNIVERSITY, | § § § § § § § § | |
| *Defendants.* | § | |

## AGREED JUDGMENT

On this day came for consideration the above-captioned case, and came the Plaintiff, BRITTNEY KENNEDY, individually and as surviving spouse on behalf of minor M.S.K., II and as anticipated personal representative of the Estate of Marquis Kennedy ("Plaintiff") and Defendant, GRACIE GLOBAL, LLC d/b/a GRACIE UNIVERSITY ("Gracie University") (hereinafter collectively "the parties"). As to the parties, it was announced that Defendant, Gracie University was agreeable to a compromised settlement of any and all claims, debts, obligations or cause of action of whatsoever nature that the Plaintiff has or may have against, growing out of, or in any way relating to the wrongful death claim occurring on or about September 23, 2022, arising out of an incident made the basis of this lawsuit.

Plaintiff would show that on September 23, 2022, Marquis Kennedy, her husband and the minor child, M.S.K.'s father died on September 23, 2022, after participating in martial arts training with Arlington Police Officers, some of whom were trained by Gracie University.

M.S.K., II, a minor, appeared by and through Brittney Kennedy, his mother and Next Friend, his Guardian Ad Litem, Jennifer Croxton Cole and his attorney(s) of record. The parties announced to the Court that all matters in dispute between them in this litigation have been fully settled and compromised by a written Compromise Settlement, Release, and Indemnity Agreement (the "Settlement Agreement"), a copy of which was provided to the Court, that contemplates that Plaintiffs and their attorneys are to receive, directly or indirectly, from Defendant or its Insurer, on behalf of Defendant, cash and funding of periodic payments, and that all claims and causes of action that were, or could have been asserted by or on behalf of adult Plaintiffs against Gracie University will be dismissed with prejudice upon payment and satisfaction of all sums ordered herein. The terms and conditions of the Settlement Agreement are fully set forth therein.

After hearing the evidence and statements of the parties, counsel, and the Guardian Ad Litem, and reviewing the Settlement Agreement, the Court is of the opinion that the Settlement Agreement is reasonable, fair, and just, and in the best interests of M.S.K, II, a minor and that it should in all things be approved.

It is ORDERED, ADJUDGED, and DECREED that the Settlement Agreement be and hereby is Approved and that all payments be made as set forth therein.

THE COURT APPROVES the periodic payments and beneficiary designation pursuant to the Compromise Settlement, Release, and Indemnity Agreement.

It is FURTHER ORDERED, ADJUDGED, and DECREED that the obligation of the Insurer to make the periodic payments described will be assigned under the meaning of IRC Sec.

130, to Prudential Assigned Settlement Services Corporation (the "Assignee") and funded by an annuity contract issued by The Prudential Insurance Company of America (the "Annity Issuer"), rated A+ (Superior) by A. M. Best Company.

It is FURTHER ORDERED, ADJUDGED, and DECREED that the rights to receive periodic payments granted to the minor child, M.S.K. in the Judgment may not be sold, transferred, hypothecated, pledged, or otherwise alienated in any manner, directly or indirectly, without the prior approval of the then-sitting Judge of the Court, as evidenced by an order approving such transaction entered after compliance with all requirements of the Structured Settlement Protection Act, §141.001, Texas Civil Practice and Remedies Code, as it now exists or may hereafter be amended, or any successor to such statute. Any purported or attempted sale, transfer, hypothecation, pledge, or other alienation of such payment rights that has not been approved will be a direct violation of this Order.

It is FURTHER ORDERED, ADJUDGED, and DECREED that a fee of _____ is to be paid to Jennifer Croxton Cole, the Guardian Ad Litem for M.S.K., II, a minor, which is adjudged as costs against Gracie Global, LLC d/b/a Gracie University. The Guardian Ad Litem is relieved and discharged of any further duty, obligation, or responsibility whatsoever to M.S.K., II, a minor, or as to any matter related to this litigation, or the claims that have been asserted in this litigation.

Judgment is hereby ENTERED as provided herein. All parties shall bear their own costs and attorneys' fees unless otherwise provided by the Compromise Settlement, Release, and

Indemnity Agreement approved by way of this Judgment.

Signed this _____ day of _____ 2025.

_____
JUDGE PRESIDING

AGREED AND APPROVED:

_____
On behalf of Plaintiff
Brittney Kennedy

_____
On behalf of Defendants Gracie Global, LLC
d/b/a/ Gracie University

_____
Jennifer Croxton Cole
Appointed Guardian Ad Litem
Representing the Interests of M.S.K.